Filed 11/5/21 Remy v. Alameda Health System CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION FOUR

|  |  |
|---|---|
| DEANA MICHELLE REMY,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>ALAMEDA HEALTH SYSTEM,<br><br>        Defendant and Respondent. | A161518<br><br>(Alameda County<br>Super. Ct. No. RG19030848) |

Plaintiff Deana Michelle Remy filed the present action against defendant Alameda Health System after her tooth was allegedly damaged during an appointment for a teeth cleaning at the Highland Hospital dental clinic. The trial court granted defendant's motion for summary judgment on the ground that plaintiff failed to produce evidence that any of defendant's dentists damaged her tooth. Although plaintiff has twice failed to submit an appellate brief in compliance with the California Rules of Court, we have reviewed the record from the trial court and confirmed that summary judgment was properly granted. We therefore affirm the judgment.

### Background

In August 2019, plaintiff filed an amended complaint seeking $1.8 million in damages for an injury allegedly caused by the negligence of a dentist at the Highland Hospital dental clinic. Her complaint alleges that during an appointment for a general teeth cleaning on February 11, 2019, she

1

"heard a cracking sound and felt something sharp hit the back of [her] throat." When she returned home later that morning, she realized it was part of her front tooth. A "week or two" later she fainted, and because the remaining tooth "was so sharp[,] it went straight through [her] lip." She "was in trauma for about 3 days until the medicine a doctor at Western Dental prescribed . . . took [e]ffect." As a result of her injury, her face is allegedly disfigured and she can no longer work as a model.

In July 2020, defendant filed a motion for summary judgment. The motion was based on the following assertedly undisputed facts: Plaintiff had been treated as a patient at the dental clinic at Highland Hospital since 2015. As relevant to her present claim, plaintiff was seen by Molly Weber, D.D.S. on August 8, 2018. According to her medical records, Weber performed a general cleaning at that time. The medical records contain no notation regarding an injury to her front tooth. On February 11, 2019, plaintiff was seen by Robert Fung, D.D.S. No cleaning was performed on that date as she was not yet due for a cleaning. Fung recommended plaintiff return for a cleaning in August 2019.

On March 29, 2019, plaintiff was seen by a dentist at Western Dental Services, Inc. (Western Dental) and underwent a complete oral examination. According to the Western Dental medical records, plaintiff asked to have her lower lip and front tooth checked because when her teeth were last cleaned at the Highland Hospital dental clinic, her "tooth went inside her lip."

Defendant's dental expert reviewed plaintiff's medical records from both the Highland Hospital dental clinic and Western Dental and opined that both Weber and Fung complied with the standard of care and no act or omission on their part caused any injury to plaintiff. He concluded that, contrary to plaintiff's claims, "there was no injury that occurred to [plaintiff]

2

while receiving dental treatment at Highland Hospital." The declaration explains, "There is no indication in the medical chart reflecting [that plaintiff] complained [of] or sustained an injury or complication during a teeth cleaning at Highland Hospital" and the radiographs taken on March 29, at Western Dental "reveal no damage to any of [plaintiff's] teeth in any way." He noted that "each tooth visualized on x-rays taken on March 29, 2019 appear to be intact" and "the radiographs do not reveal any restorations on any of her teeth." Finally, the expert added, "It is also my opinion that the soft tissue injury [plaintiff] had to her lower lip, as depicted in the color photographs taken on March 29, 2019, appear to be of recent origin. Had the soft tissue injury occurred during the February 2019 office visit with Dr. Fung or during the teeth cleaning with Dr. Weber in August of 2018, it is my opinion the injury would have healed by the time [plaintiff] was seen at Western Dental . . . on March 29, 2019."

Plaintiff's opposition largely failed to comply with the statutory requirements. Of particular concern, plaintiff failed to submit any admissible evidence to support the factual claims asserted in her written opposition. Instead, she "relie[d] on the statement of facts as recited in her first amended complaint" which she attached as an exhibit to her brief. In her opposition brief, plaintiff reasserted her claim that Dr. Weber injured her tooth in the course of a routine cleaning on February 11, 2019. She argued that expert testimony regarding the standard of care was not necessary because Weber "damaged her tooth in a way that cannot be explained absent professional negligence" so that her case represented "an ideal case for the application of the doctrine of res ipsa loquiter."

On September 29, 2020, the trial court granted defendant's motion. The court found, among other things, that defendant's evidence supported a

determination that plaintiff had "no discernable damage to her teeth as of March 29, 2019," and that "there is nothing in the dental records to indicate that defendants cut or damaged plaintiff's teeth during the visit to the Highland Hospital dental clinic on August 8, 2018, or at any time prior to March 29, 2019." The court noted that plaintiff failed to present any admissible evidence to rebut defendant's showing and that she "may not cite to her complaint and first amended complaint as evidence in rebuttal." The court also explained that plaintiff's reliance upon the doctrine of res ipsa loquitur does not support an order denying the motion because, among other reasons, it "does not address the main contention in defendant's motion that she did not sustain any damage to her teeth prior to her visit to Western Dental on March 29, 2019."

Plaintiff's motion for reconsideration was denied on November 12, 2020, and thereafter, plaintiff filed a notice of appeal.

## Discussion

1. *Standard of Review*

A defendant is entitled to summary judgment "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) "We review a grant of summary judgment de novo; we must decide independently whether the facts not subject to triable dispute warrant judgment for the moving party as a matter of law." (*Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1348.) The evidence must be viewed in the light most favorable to the nonmoving party. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768.) In deciding whether a material factual issue exists for trial, we "consider all the evidence set forth in the papers, except that to which objections have been made and sustained by the court, and all

4

inferences reasonably deducible from the evidence." (Code Civ. Proc., § 437c, subd. (c).) "Pursuant to the weight of authority, appellate courts review a trial court's rulings on evidentiary objections in summary judgment proceedings for abuse of discretion." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2015) ¶ 8.168, p. 8-142.)

A defendant moving for summary judgment bears the burden of presenting competent evidence to establish that there is no triable issue of fact and that the defendant is entitled to judgment as a matter of law. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) A defendant can meet this burden by showing that the plaintiff "has not established and cannot reasonably expect to establish," an essential element of plaintiff's claim. (*Saelzler v. Advanced Group 400, supra*, 25 Cal.4th at p. 768.) If defendant meets this burden, the burden shifts to plaintiff to make a showing that there is a triable issue of material fact. (*Fisherman's Wharf Bay Cruise Corp. v. Superior Court* (2003) 114 Cal.App.4th 309, 320.)

2. *Analysis*

Plaintiff's amended complaint alleges a single cause of action for dental malpractice.[1] To prove her claim at trial, plaintiff must prove that defendant was negligent and that its negligence caused plaintiff's injury. (*Uriell v. Regents of University of California* (2015) 234 Cal.App.4th 735, 744 ["medical negligence is fundamentally negligence"].)

---

[1] Although plaintiff attempted in her opposition to defendant's motion for summary judgment to add a purported cause of action for violation of the nondiscrimination provision of the Patient Protection and Affordable Care Act (42 U.S.C.S. § 18116), the court properly rejected her claim noting that the scope of a motion for summary judgment is defined by the pleadings (see *Johnson v. The Raytheon Co., Inc.* (2019) 33 Cal.App.5th 617, 633) and plaintiff's complaint and amended complaint do not include any claim for violation of the Patient Protection and Affordable Care Act.

Defendant met its initial burden by establishing that plaintiff's tooth was not damaged by a dentist at the Highland Hospital dental clinic and, indeed, not damaged at all as of March 29, 2019. Plaintiff failed to raise a triable issue as to that fact. Initially, as the trial court noted, plaintiff cannot rely on the allegations of her complaint to dispute defendant's showing that her tooth was not injured by defendant's dentists. (Code Civ. Proc., § 437c, subd. (p)(2) ["The plaintiff . . . allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto."].) Even assuming, however, that the allegations in plaintiff's complaint could be treated as a sworn declaration, those allegations would not be sufficient to defeat defendant's showing.

"While we must liberally construe plaintiff's showing and resolve any doubts about the propriety of a summary judgment in plaintiff's favor, plaintiff's evidence remains subject to careful scrutiny. [Citation.] We can find a triable issue of material fact 'if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof.' [Citation.] Moreover, plaintiff's subjective beliefs . . . do not create a genuine issue of fact; nor do uncorroborated and self-serving declarations." (*King v. United Parcel Service, Inc.* (2007) 152 Cal.App.4th 426, 433.)

In light of dental records showing that plaintiff did not have her teeth cleaned by anyone on February 11 and the March 29 radiographs showing no injury or repair to her front teeth, plaintiff's bare assertion that Weber "cut off" one-quarter to one-half inch of her front tooth during a cleaning on February 11 is no more than a conclusory statement unsupported by any specific facts upon which the statement is based. Her allegation that she

6

"couldn't figure out what [she had swallowed] until arriving home and realizing it was part of [her] front tooth" is at best a self-serving explanation of why there is no mention of the tooth injury in the dental record. Her suggestion that Weber "inten[ded] to destroy [plaintiff's] looks and make [her] look disabled" is also completely unsupported. Although not determinative of the present appeal, we note that plaintiff's factual allegations have shifted on appeal. Contrary to her pleading, plaintiff now claims that Weber "chipped [plaintiff's] tooth - and was so apologetic" during the August 2018 teeth cleaning and that it was a different "blond haired Caucasian female dentist" who "sawed off/cut off [her] front tooth" during her February 11 cleaning appointment. In any event, plaintiff has presented no competent evidence that a dentist at the Highland Hospital dental clinic intentionally or negligently cut off a portion of plaintiff's front tooth. Accordingly, the trial court properly granted defendant's motion for summary judgment.

## Disposition

The judgment is affirmed.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
BROWN, J.

7